UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charitie M. Sacks,

    Plaintiff,

    v.                                             Case No. 2:15–cv–2315

Commissioner of Social Security,        Judge Michael H. Watson

    Defendant.

## ORDER

Charitie Marie Sacks ("Plaintiff") applied for Social Security Disability benefits and Supplemental Security income on February 22, 2012. The application was denied initially and upon reconsideration. Plaintiff attended a hearing before an Administrative Law Judge ("ALJ") on October 4, 2013, and, in a subsequent decision, the ALJ determined Plaintiff was not disabled. Plaintiff filed suit in this Court in June 2015, and Magistrate Judge Kemp thereafter issued an R&R that recommended that Plaintiff's statement of errors be sustained and that the case be remanded to the Commissioner. R&R 13, ECF No. 16.

The Acting Commissioner of Social Security Carolyn M. Colvin ("the Commissioner"), objects to the Report and Recommendation ("R&R") issued by Magistrate Judge Kemp in this social security case. For the following reasons, the Court overrules the Commissioner's objection and adopts the R&R.

## I. STANDARD OF REVIEW

Magistrate Judge Kemp issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## II. ANALYSIS

In her statement of errors, Plaintiff argued that: (1) the ALJ failed to properly accord adequate weight to the opinion of Plaintiff's treating physician; and (2) the ALJ committed reversible error by concluding that Plaintiff can perform light occupational work despite determining that she had a RFC for a reduced range of sedentary work.

Magistrate Judge Kemp recommended sustaining Plaintiff's first contention and thus found the second contention moot.

The Commissioner makes the following timely objections: (1) the Magistrate Judge improperly found that the ALJ engaged in 'post-hoc rationalization' in her discussion of reasons behind the weight afforded to Plaintiff's treating physician's opinion; and (2) the ALJ properly found that the reviewing consultant's opinion of Plaintiff's limitations deserved greater weight

than Plaintiff's treating physicians opinion because the consultant provided more detailed and comprehensive information.

The Commissioner does not dispute the accuracy of the statement of facts provided by Magistrate Judge Kemp. R&R 1–7, ECF No. 16. Accordingly, the Court incorporates it herein.

## A. Objection One

When an individual applies for Social Security benefits, the individual typically provides a number of doctor reports and opinions. These reports and opinions are delegated weight as appropriate under federal regulation. 20 C.F.R. § 404.1527 provides:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence . . . . If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2). This section goes on to provide a number of factors that ALJs must consider when determining whether to afford a treating physician's opinion controlling weight. *See* 20 C.F.R. §§ 404.1527(c)(2)(i)–(ii), 404.1527(c)(3)–(6). In considering these factors, an ALJ must provide good reasons for the weight given a treating doctor's opinion. Thus, an ALJ must

make clear the weight the ALJ gave the treating source's opinion and the reasons for that weigh when denying benefits, such as is the case here. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

In this case, the ALJ made the following conclusions as to Plaintiff's treating physician, Dr. Ajay Bhatia, MD ("Dr. Bhatia"):

> [Dr. Bhatia] opined that the claimant was unemployable and had marked and extreme mental work-related limitations. In October 2013, Dr. Bhatia reported that the claimant had minimal improvements even though she had been adherent to her medical regimen, and he opined that it was unlikely that she could function well enough to work for the foreseeable future. However, the question of disability is a matter reserved for the Commissioner, and Dr. Bhatia's opinion and indication of marked and extreme limitation are inconsistent with the medical evidence of record, the claimant's actual activities of living (as summarized below), and her own testimony in which she said that she could understand, remember and carry out simple instructions. Accordingly, I give little weight to Dr. Bhatia's opinion and findings of marked and extreme limitations.

AR 31–32, ECF No. 9.

Magistrate Judge Kemp assessed the ALJ's consideration of Dr. Bhatia as follows:

> There are a number of problems with the Commissioner's argument. First, the ALJ did not mention the alleged inconsistency between Dr. Bhatia's treatment notes and her opinions as a basis for discounting her opinion. . . . Second, although the ALJ made a general statement about inconsistencies between Dr. Bhatia's opinions and the "medical evidence of record," it was just that - a general statement devoid of any specific reference to any portion of the medical evidence. Such conclusory statements do not provide the claimant with any ability to understand their content, nor do they provide a reviewing court with the ability to decide if the ALJ correctly or incorrectly assessed those claimed inconsistencies.

R&R 11, ECF No. 16.

On objection, the Commissioner argues that Magistrate Judge Kemp improperly characterized the ALJ's decision. Specifically, the Commissioner avers that the ALJ properly discounted Dr. Bhatia's conclusions because Dr. Bhatia "did not offer any explanation for his conclusions that Plaintiff was unemployable." Obj. 2, ECF No. 17 (citing AR 408, ECF No. 9 (a form with eighteen "ability" assessment categories as well as an option to indicate the doctor's belief as to whether the patient is employable or unemployable)).

The Court does not find the Commissioner's argument well-taken. The ALJ merely referenced the evidence of Plaintiff's actual activities that were summarized later in his opinion and, without citation, concluded that Plaintiff's own testimony was inconsistent with Dr. Bhatia's opinion. See 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give that opinion.").

While the Commissioner addresses the factors contained in 20 C.F.R. § 404.1527, which it claims substantiate the ALJ's finding on appeal to this Court, the Commissioner fails to identify any factors that the ALJ considered. Specifically, the Commissioner fails to identify any evidence cited by *the ALJ* that addresses the length of Dr. Bhatia's treatment, the frequency of his examinations, the nature and extent of his treatment relationship with Plaintiff,

support of Dr. Bhatia's opinion afforded by medical evidence (or the lack thereof), and specialization of the treating physician. See 20 C.F.R. §§ 404.1527(c)(2)(i)–(ii); 404.1527(c)(3), 404.1527(c)(5). In sum, without any indication that the ALJ considered that evidence, the Magistrate Judge properly found the ALJ's conclusion unsubstantiated.

The ALJ did not provide any reasons for the weight he gave Plaintiff's treating doctor's opinion, which means the ALJ's decision denying benefits does not make clear the weight the ALJ gave the treating source's opinion and the reasons for that weight as required pursuant to the Social Security Administration's own regulations. See Wilson, 378 F.3d at 544. As Magistrate Judge Kemp aptly stated: "The other rationales provided by the ALJ do not provide enough support for the decision to overcome this articulation error." R&R 12, ECF No. 16. This error is not harmless because "the agency failed to follow its own procedural regulation and the regulation was intended to protect applicants like [Plaintiff]." Wilson, 378 F.3d at 544; id. at 546 ("The ALJ's failure to give "good reasons" for not crediting [the treating physician] does not constitute harmless error, notwithstanding the district court's reasoning and the Commissioner's argument on appeal."). As such, the Magistrate Judge's recommendation of remand is appropriate and the Court overrules the Commissioner's objection.

### B. Objection Two

In her Statement of Errors, Plaintiff he Commissioner also challenged the ALJ's finding that Plaintiff could only do sedentary work. Magistrate Judge Kemp found this contention moot as he recommended remanding for alternate reasons. He also opined that the ALJ's reliance on an expert's testimony about "light jobs" (verse "sedentary work") was likely harmless error because that same expert also identified sedentary jobs that someone with the assumed residual functional capacity of Plaintiff could perform.

As the Court overruled the Commissioner's first objection and orders remand on that issue, the Court need not consider the Commissioner's objection.

### III. CONCLUSION

For the reasons stated above, the Court **OVERRULES** the Commissioner's objections and **ADOPTS** the R&R. The Commissioner's decision is **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and **REMANDED** to the Commissioner for further consideration of the weight to be afforded Plaintiff's treating physician.

IT IS SO ORDERED.

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**